JOSEPH JERABEK v. JOSEPH A. KENNEDY.

FILED FEBRUARY 20, 1901.   No. 9,382.

1. **Expert Testimony:** ADMISSION: JUDICIAL DISCRETION. In determin-
ing the competency of a witness to testify as to the values of
land regarding which there is a controversy, much discretion is
lodged in the trial court as to the admission of such testimony,
and unless it is clearly inadmissible as a matter of law and
prejudicial, the ruling will not be disturbed.

2. **Natural Flow of Water:** EFFECT OF MILL-DAM: MEASURE OF DAM-
AGES: TESTIMONY: INSTRUCTION. A plaintiff testified as to how
the construction of a mill-dam affected his land by raising the
water above the natural flow and thereby increased the danger
of stock drowning therein, and stated that he had already lost
some cattle in that manner, the rule as to measuring the dam-
ages sustained being correctly given the jury in the instructions
of the court; *held*, that no rights of the defendant were preju-
diced by the admission of such testimony.

ERROR from the district court for Nance county. Tried below before SULLIVAN, J. *Affirmed.*

W. F. *Critchfield*, for plaintiff in error.

J. W. *McClelland* and *Reeder & Albert*, contra.

HOLCOMB, J.

A trial was had in the district court in proceedings of *ad quod damnum* began under chapter 57 of the Compiled Statutes, entitled "Mills and Mill-Dams." A verdict and judgment was rendered in favor of the defendant in error, plaintiff below, from which the defendant, by error proceeding, brings the case here for review.

But two questions are argued by counsel for plaintiff in error and both relate to the admission of testimony objected to on the trial of the case. One witness was permitted to testify as to the value of the land, claimed to have been damaged by the construction of a mill-dam, just before and immediately after the erection of the mill, whose testimony, it is claimed, is incompetent because no sufficient knowledge is shown regarding land values of which he was testifying. The witness had been a farmer all his life, had purchased land adjoining that in controversy two or three years before, on which he had been living, and had made inquiries as to the value of the land in the neighborhood. He testified as to values, and that the land had been damaged by reason of the construction of the mill-dam. It is disclosed by the record that he was acquainted with the value of the land in the vicinity, and that his testimony was based upon knowledge and information not possessed by a jury or the people in general. Of necessity, much discretion must be lodged in the trial court as to the admission of such testimony, and unless it is clearly inadmissible as a matter of law and prejudicial, the ruling will not be disturbed. *Missouri P. R. Co. v. Fox*, 60 Nebr., 531, and cases there cited. The admission of the evidence is warranted

under the qualification shown to exist, and comes within the rule announced in *Swan v. County of Middlesex*, 101 Mass., 177.

The plaintiff, in testifying as to how the construction of the dam affected his land by raising the water above the natural flow, stated that it increased the danger of stock drowning therein, and that he had already lost some cattle in that manner. This was objected to, and on the ruling error is sought to be predicated. The statement was only made as an illustration of the damage occasioned by the rise of water in the stream because of the construction of the dam. The rule for measuring the damage sustained was correctly given the jury in the instructions of the court, which was stated to be the difference in the fair market value of the land immediately before and after the erection of the mill-dam. The jury could not have been misled by the testimony objected to, and none of the rights of the defendant were prejudiced thereby.

The judgment is

AFFIRMED.

SULLIVAN, J., not sitting.