JOSEPH SCHMIDBAUER, APPELLEE, v. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLANT.

FILED MARCH 13, 1920. No. 20618.

1. **Appeal: COMPETENCY OF EXPERT: REVIEW.** The competency of an expert witness is largely a question for the trial court, and unless the testimony received is inadmissible as a matter of law, and prejudicial, the ruling of the trial court will not be disturbed.

2. **Evidence: COMPETENCY OF EXPERT.** A witness who has previously been employed for a term of years in the handling and operation of electrically propelled street cars is competent as an expert witness on the question of probable speed of a car which he has observed in operation, and also as to the distance in which such car may be stopped by the proper application of brakes.

3. **Rulings** of the trial court on instructions given, and also on instructions refused, are approved.

4. **Trial: SUBMISSION OF ISSUES.** When there is sufficient competent evidence in the record to raise an issuable question of fact, it is proper for the trial court to submit the question to the jury.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*John L. Webster* and *W. R. King,* for appellant.

*Murphy & Winters,* contra.

MORRISSEY, C. J.

Plaintiff sues for injuries received when the wagon which he was driving was struck by one of defendant's cars in the city of Omaha. He claims to have been driving south on the west side of Twelfth street,

and before he approached defendant's tracks at the intersection of Twelfth and Douglas streets he looked to see if the track was clear and saw no car approaching. His team and the front end of the wagon, which was 30 feet in length, passed safely over, when the rear end of the wagon was violently struck by one of defendant's cars. Plaintiff was thrown to the pavement, suffering many cuts, bruises, and fractures. He has lost the hearing in one ear, and one leg is shortened one and a half inches. He has endured great pain and suffering, and, at the time of the trial, was still said to be suffering pain. He is permanently crippled, and appears to be wholly incapacitated from ever again performing manual labor.

Upon trial to a jury, there was a verdict in favor of plaintiff for $17,500. The district court ordered a remittitur of $7,500. Defendant appeals from the judgment entered, and plaintiff prosecutes a cross-appeal from the order of remittitur, under the provisions of chapter 247, Laws 1915.

Three general allegations of negligence are charged: (1) Defendant failed to sound a gong or bell; (2) the car was operated at an excessive rate of speed; and (3) defendant's servants in charge of the car, who saw, or in the exercise of ordinary care should have seen plaintiff in a place of danger, negligently failed to check the speed of the car or otherwise exercise due care to avoid the collision with plaintiff's wagon. There is more or less conflict in the evidence of the witnesses who saw the collision. Defendant claims plaintiff was driving parallel with the track, when he negligently changed his course and drove in front of the approaching car. There is evidence on behalf of defendant that the gong was sounded. But the mere sounding of the gong, unless done at a time to give reasonable warning to a person exercising ordinary care, would not be sufficient. There is conflict as to the speed at which the car was traveling and as to the distance it traveled after the impact. On the question of the last clear chance there appears to be less

Schmidbauer v. Omaha & C. B. Street R. Co.

ground for dispute than on the other questions of alleged negligence. The weight of the evidence shows that plaintiff was driving slowly across defendant's tracks. His team and the front end of his wagon passed safely over. The motorman, by keeping a proper lookout, could have seen defendant's horses when they first stepped upon the track. And, if his car was under proper control, in the exercise of due diligence, he would have been able to have brought his car to a stop before coming in contact with plaintiff's wagon. It is hard to escape the conclusion that the car was operated at an excessive rate of speed, or that the motorman did not exercise due diligence in bringing the car to a stop.

Taking up defendant's assignments of error in their order, the first question to determine is the admissibility of the evidence of certain witnesses for plaintiff. One Gremore testified as to the speed at which the car was traveling immediately before the collision. Defendant contends that this evidence was erroneously admitted because, as is said in the brief, Gremore did not see the car until it was within 35 feet of him, and it was coming directly toward him. It is claimed that he had neither time nor opportunity to form an evidentiary estimate of the speed of the car, and "the fact that the street car was brought to a stop while crossing the street intersection is a physical fact which disproves the testimony of Gremore." This witness had once been a street railway employee, having served both as a conductor and as a motorman, for more than two and a half years. He showed familiarity with electrically propelled street cars. In determining the competency of a witness to testify, much discretion is lodged in the trial court as to the admission of the testimony, and unless it is clearly inadmissible as a matter of law, and prejudicial, the ruling of the trial court will not be disturbed. *Jerabek v. Kennedy*, 61 Neb. 349. Gremore's testimony was clearly competent.

Schmidbauer v. Omaha & C. B. Street R. Co.

Further objection to the testimony of this witness is made because he was permitted to testify that, in his judgment, such a car as the one having the collision with plaintiff's wagon, operated at a speed of from 6 to 8 miles an hour, as claimed by defendant to be the fact in this case, might have been stopped within from 8 to 10 feet. Gremore's experience had been with cars controlled by hand brakes, while the car described in the evidence was controlled by an air brake. The cars on which he had worked and with which he had experimented were two-motor cars, while this car was a four-motor car. The superintendent of transportation of defendant testified as an expert, and his testimony indicates that a car controlled by an air brake may be stopped in a shorter distance than one controlled by a hand brake. This being true, Gremore's estimate of the distance within which a stop could be made, if based upon his experience with a hand brake, would be more favorable to defendant than to plaintiff. Defendant's superintendent of transportation also testified that there was not much difference between the stopping of a two-motor and a four-motor car. What has heretofore been said in regard to the testimony of this witness also applies to this objection. The testimony was properly admitted, and its weight was a question for the jury.

Instructions 1, 2, and 5 are criticised as "superfluous, cumbersome, unnecessary, and prejudicial." These criticisms are not well taken. The instructions constitute a statement of the issues to be determined by the jury; without them the charge would not have been complete. Nor do they appear to be involved or prolix. It was the duty of the court to instruct on the issues. No erroneous or prejudicial statement is pointed out, and the instructions are approved.

Instruction No. 4 is criticised on the theory that there was no competent evidence that the car was operated at a high or excessive rate of speed; that there is evidence that the gong was sounded and evidence that it was not

sounded; and that there is no evidence showing that there was a failure to check the speed of the car. By instruction No. 4 these questions were left to the determination of the jury. Having reached the conclusion that the evidence which defendant claims was incompetent was properly admitted, it follows that this instruction was properly given, because there is sufficient evidence in the record to raise an issuable question of fact on each of the questions submitted under it. These holdings also dispose of defendant's requested instructions dealing with these questions.

The only question remaining is that of plaintiff's cross-appeal. We are convinced, after an examination of all the evidence, that the action of the district court in ordering a remittitur of $7,500 was proper. The judgment is

AFFIRMED.

DAY, J., not sitting.